OPINION
{¶ 1} Appellants Amanda and Ronnie Chestnut appeal from the September 21, 2004, Journal Entry of the Guernsey County Court of Common Pleas, Juvenile Division, granting permanent custody of their four children to the Guernsey County Children Services Board. Appellant Ronnie Chestnut also appeals from the trial court's October 1, 2002, Journal Entry granting temporary custody of the children to the Guernsey County Children Services Board.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Brittany Chestnut (DOB 3/25/97), Bailey Chestnut (DOB 4/24/98), Brandon Chestnut (DOB 8/6/00), and Ronnie Blade Chestnut (DOB 6/10/02) are the children of Amanda Chestnut and Ronnie Chestnut. On June 24, 2002, the Guernsey County Children Services Board (hereinafter "CSB") filed a complaint alleging that the four children were abused/neglected/dependent children. Although, on the same date, CSB received ex-parte temporary custody of the four children, as memorialized in a Journal Entry filed on June 28, 2002, following a probable cause hearing, the three oldest children were returned to the custody of their mother. However, temporary custody of Ronnie Blade Chestnut was granted to CSB.
 {¶ 3} Thereafter, pursuant to a Journal Entry filed on July 11, 2002, CSB was granted temporary custody of the three oldest children.
 {¶ 4} At the adjudicatory and dispositional hearing held on September 16, 2002, the parents admitted that the children were dependent. As memorialized in a Journal Entry filed on October 1, 2002, the trial court found that the children were dependent children and granted temporary custody to CSB. Pursuant to a Journal Entry filed on November 1, 2002, the parties agreed that CSB's temporary custody of the four children should be terminated and that temporary custody should be granted to Henry and Starla Chestnut, the children's paternal aunt and uncle, who lived in Gallia County. CSB was granted protective supervision of the children. As memorialized in a Journal Entry filed on December 3, 2002, CSB's protective supervision was terminated by agreement of the parties.
 {¶ 5} On January 30, 2003, the trial court "dismiss[ed] the within action" after being notified by Gallia County Children's Services Board that it had physical custody of the four children and intended to provide services to them.
 {¶ 6} Subsequently, on October 10, 2003, Guernsey County CSB filed a complaint under the same case number, in which the court had filed the dismissal entry, alleging that the four children were dependent children. On the same date, CSB filed a Motion for Permanent Custody. On October 29, 2003, an emergency hearing was held and temporary custody of the four children with Henry and Starla Chestnut was terminated and the children were placed in the emergency custody of CSB.
 {¶ 7} Thereafter, a permanent custody hearing commenced on February 6, 2004. At the conclusion of the hearing on April 1, 2004, the trial court denied the Motion for Permanent Custody. The trial court, as memorialized in a Journal Entry filed on April 13, 2004, ordered that the children remain in the temporary custody of CSB.
 {¶ 8} Thereafter, on June 2, 2004, CSB filed a Motion for Permanent Custody on the basis that the children had been in CSB's custody for twelve out of the last twenty-two months. On July 14, 2004, an amended Motion for Permanent Custody was filed alleging that Amanda and Ronnie Chestnut had been involved in an incident of domestic violence on June 27, 2004. A hearing on the Motion for Permanent Custody was held on September 2, 2004. At the hearing, the trial court took judicial notice of the testimony previously heard on February 6, 2004, and April 1, 2004
 {¶ 9} Subsequently, as memorialized in a Journal Entry filed on September 21, 2004, the trial court granted permanent custody of the four children to CSB and terminated the parental rights of Amanda and Ronnie Chestnut.
 {¶ 10} On October 19, 2004, Amanda Chestnut (hereinafter "appellant other") filed her Notice of Appeal in Case No. 04-CA-28 from the trial court's September 21, 2004, Journal Entry, raising the following assignments of error:
 {¶ 11} "I. The court erred as a matter of law and committed plain error by accepting the parents' admissions that the child was a dependent child without ensuring that the parents understood the nature of the allegations and the consequences of their admissions as required by Juv. R. 29(d).
 {¶ 12} "II. The trial court's findings were against the manifest weight of the evidence; the guernsey county children services board failed to show by clear and convincing evidence that the appelants' parental rights should be terminated.
 {¶ 13} "III. The trial court erred in finding that the parental rights of the Appellant/Parents should be terminated because the parents failed to fully comply with the case plan.
 {¶ 14} "IV. Guernsey county children's services board did not make reasonable efforts to reunite the family and acted in bad faith.
 {¶ 15} "V. The trial court made no findings concerning the minor children's wishes as to their placement."
 {¶ 16} On October 21, 2004, Ronnie Chestnut (hereinafter "appellant father") filed his notice of Appeal in Case No. 04-CA-30 from the trial court's September 21, 2004, Journal Entry, raising the following assignment of error:
 {¶ 17} "The trial court's findings of fact and conclusion of law are against the manifest weight of the evidnece."
 {¶ 18} On December 17, 2004, appellant father also filed a Notice of Appeal in Case No. 04-CA-42 from the trial court's October 1, 2002, Journal Entry granting temporary custody of the four children to CSB, raising the following assignment of error:
 {¶ 19} "The court erred as a matter of law and committed plain error by accepting the parents' admissions that the child was a dependent child without ensuring that the parents understood the nature of the allegations and the consequences of their admissions as required by Juv. R. 29(d)."
 {¶ 20} We find it unnecessary to discuss the merits of the assignments of error since the trial court lacked jurisdiction to grant permanent custody to CSB. As is stated above, the trial court, pursuant to an Entry filed on January 30, 2003, stated as follows: "The Court having been notified by Gallia County Children Services of the physical custody of the children with said agency, and their intention to provide services,does hereby dismiss the within action." (Emphasis added). The trial court's subsequent September 21, 2004, Journal Entry in the same case number granting permanent custody of the four children to CSB was a void order since, once the trial court dismissed the complaint, it lacked jurisdiction to issue any order arising out of the same.
 {¶ 21} Based on the foregoing, the September 21, 2004, Journal Entry of the Guernsey County Court of Common Pleas, Juvenile Division, is vacated for lack of jurisdiction.
Edwards, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is vacated for lack of jurisdiction. Costs assessed to appellee.